UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

EPIFANIO TAPIAS,

Plaintiff,

v.

7Q NAILS CORPORATION et al.,

Defendants.

Case No. 2:26-cv-11250-SB-AS

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSING UNRUH ACT CLAIM

On September 29, 2026, the Court ordered Plaintiff to show cause why it should not decline supplemental jurisdiction over Plaintiff's Unruh Act claim in light of the exceptional circumstances described in the Ninth Circuit's decision in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). Plaintiff's response does not meaningfully address the comity concerns expressed in *Arroyo*. For the reasons below, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismisses the claim without prejudice.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted). This discretion is codified in § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The question in this case is whether the Court will decline to exercise supplemental jurisdiction over the Unruh Act claim under § 1367(c)(4). A court may decline to do so under that provision if the case presents both "exceptional circumstances" and "compelling reasons" warranting declination. *Arroyo*, 19 F.4th at 1210. These are two separate requirements, though the Ninth Circuit has repeatedly stated that they are "not particularly burdensome," requiring only that a district court explain why the circumstances are exceptional and compelling. *Id*. at 1211 (cleaned up).

The exceptional-circumstances requirement is readily satisfied here. In *Arroyo*, the Ninth Circuit concluded that the comity interests at stake when a serial plaintiff files Unruh Act claims in federal court constitute "exceptional circumstances" under § 1367(c)(4). *Arroyo*, 19 F.4th at 1202. The court explained that the California Legislature was concerned about the abuse of the Unruh Act in construction-related accessibility cases by a small group of attorneys and high-frequency litigants who pursue little more than their own personal enrichment at the expense of small business owners. *Id*. at 1206–07. To address their concerns, the state lawmakers opted to implement significant procedural requirements designed to curb the exploitation by these lawyers and litigants, including heightened pleading requirements and increased filing fees, while retaining the substance of the relief available through the Unruh Act. *Id*. at 1211–13. These Unruh Act amendments led to a dramatic surge of ADA cases filed in federal court seeking statutory damages under the Unruh Act—an obvious effort to evade the state requirements. *Id*. The Ninth Circuit concluded that this evasion constituted exceptional circumstances because the "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id*. The comity analysis in *Arroyo* applies with full force here.

The Court now turns to the compelling-reasons requirement as defined in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). At this point in the

analysis, a district court must determine whether "the so-called '*Gibbs* values' of judicial economy, convenience, fairness to the litigants, and comity" favor declining supplemental jurisdiction. *Arroyo*, 19 F.4th at 1210–11 (cleaned up). While this is a separate, fact-specific inquiry, the comity concerns behind the finding of exceptional circumstances are relevant here as well. In fact, the Ninth Circuit expressly relied on the *Gibbs* values in finding the circumstances to be exceptional in *Arroyo*. *Id*. at 1211 (noting that the "phrase ['exceptional circumstances'] extends to highly unusual situations that threaten to have a substantial adverse impact on the core *Gibbs* values of economy, convenience, fairness, and comity" (cleaned up)).

The comity concerns articulated in *Arroyo* strongly favor finding compelling reasons to decline supplemental jurisdiction in this case. As the Ninth Circuit aptly stated, the pursuit of a federal adjudication of a state claim to avoid state strictures "threatens unusually significant damage to federal-state comity." *Id*. at 1213. This is but another way of saying that the *Gibbs* value of comity weighs heavily in the balance in this type of litigation. This does not mean, however, that the *Gibbs* factors cannot support exercising supplemental jurisdiction in a particular case. *Arroyo* was such a case. There the district court had effectively resolved the Unruh Act claim by granting summary judgment on the ADA claim. At that point, "[f]rom the perspective of judicial economy and convenience, it [made] no sense to decline jurisdiction" over the Unruh Act claim, because "it would be a sheer waste of time and resources to require that claim to be refiled in state court." *Id*. at 1214–15. And, from the perspective of comity, it made little sense to return the case to state court once a federal court acted in a way that would render the result there "wholly foreordained." *Id*. at 1215.

Applied to the facts of this case, the balance of the *Gibbs* values tips in favor of declining supplemental jurisdiction. The ADA claim remains undecided at this early stage of the litigation; and Plaintiff is clearly a "high-frequency litigant" as provided by Cal. Civ. Proc. Code § 425.55(b)(1) & (2). The comity value, moreover, eclipses the goals of judicial economy and convenience served by adjudicating the state claim in federal court. Nor is there anything unfair about requiring Plaintiff to pursue his state claim in state court. Indeed, if Plaintiff legitimately seeks to litigate in a single forum, he remains free to dismiss this action and refile his Unruh Act claim in state court. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act."). The Unruh Act provides all the relief he could obtain in an ADA action—and then some. *Id*. Plaintiff would be able to seek not only injunctive relief and attorney's fees authorized by the ADA, but

damages as well. *Id*. The only hitch is that Plaintiff would be required to comply with the requirements California has imposed in a legislative effort to curb litigation abuse. The values at the center of *Gibbs* do not counsel in favor of removing this hitch so that Plaintiff can proceed in federal court and circumvent the legislative balancing reflected in the amendments to the Unruh Act.

In sum, Plaintiff's attempted end-run around the restrictions imposed on serial filers of Unruh Act claims presents exceptional circumstances under 28 U.S.C. § 1367(c)(4), and the principles of economy, convenience, fairness, and especially comity provide compelling reasons for declining supplemental jurisdiction. Accordingly, the Court exercises its discretion to decline supplemental jurisdiction over Plaintiff's Unruh Act claim, and that claim is DISMISSED without prejudice.

Date: October 13, 2026

Stanley Blumenfeld, Jr.
United States District Judge